# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LAUREN SHORTNACY, | |
| | No. 10-827V |
| Petitioner, | Special Master Christian J. Moran |
| v. | Filed: June 3, 2015 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' fees and costs; award in the amount to which respondent does not object. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

P. Leigh O'Dell, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On May 28, 2015, petitioner filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner submitted a draft final application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $77,812.37, an amount to which respondent does not object. The Court awards this amount.

On December 2, 2010, Lauren Shortnacy filed a petition for compensation alleging that the doses of the human papillomavirus ("HPV") vaccine, which she received on July 23, 2007, September 26, 2007, and January 28, 2008, caused her to suffer nodular sclerosing Hodgkins's disease ("Hodgkin's"). Petitioner, her

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

parents, her doctor, and a friend testified at a hearing to determine when petitioner developed certain symptoms.

Petitioner presented reports from Michael McCabe, Ph.D., a toxicologist and immunologist, who opined that the HPV vaccine caused petitioner's Hodgkin's. Petitioner also presented reports from Stephen Davidson, M.D., who presented an opinion about when Petitioner first manifested symptoms of Hodgkin's.

To counter those opinions, the Secretary presented reports from Kenneth McClain, Ph.D., M.D.  Dr. McClain, who has extensive experience in treating Hodgkin's disagreed with Dr. McCabe's opinion regarding causation and Dr. Davidson's opinion regarding onset.

After the strengths and weaknesses of petitioner's case were reviewed, petitioner chose not to proceed to a hearing.  Instead, she filed a motion seeking a ruling on the record.  See Pet'r's Mot., filed June 25, 2014.  In the ruling on this motion, compensation was denied.  Decision, 2014 WL 5269958 (Sept. 15, 2014).

Even though compensation was denied, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner obtained reports from experts, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for the petition, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$77,812.37** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner has incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $77,812.37 in the form of a check made payable to petitioner and petitioner's attorney, P. Leigh O'Dell, Esq., for attorney's fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
